1

Kao Saelee
Tawn Saechao
9275 Louis St.
Elk Grove, CA. [95624]

2

3

Plaintiff in Pro Se

4

**FILED**

**NOV 1 0 2014**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ *a* _____
DEPUTY CLERK

5

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

6

7

Kao Saelee, *an individual*
Tawn Saechao, *an individual*
        Plaintiff,

8

9

        vs.

10

BSI FINANCIAL SERVICES AKA SERVIS
ONE, INC., AND SCHEER LAW GROUP,
LLP , and
DOES 1 -100

11

12

13

14

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. **2 1 4 - CV - 2 6 2 5 TLN AC** PS

**PLAINTIFFS 'S COMPLAINT FOR
DAMAGES, RESTITUTION, AND
INJUNCTIVE RELIEF**

15

16

**COMES NOW** Plaintiff, Kao Saelee and Tawn Saechao and for his Complaint against

17

Defendant BSI FINANCIAL SERVICES AKA SERVIS ONE, INC., and SCHEER LAW

18

GROUP, LLP complaint and allege as follows:

19

### I. THE PARTIES

20

1.      Plaintiff Kao Saelee ("Saelee") and Tawn Saechao ("Saechao") is a resident of

21

Elk Grove, California.

22

2.      Plaintiff is the sole owner of the residential real property commonly known as

23

9275 Louis St., Elk Grove, California (hereinafter "Subject Property").

24

3.      Plaintiff is informed and believes, and thereon alleges that Defendant BSI

25

FINANCIAL SERVICES AKA SERVIS ONE, INC. (hereinafter "BSI") and SCHEER LAW

GROUP, LLP., (hereinafter "SCHEER").   At all times material to this Complaint, BSI

1   FINANCIAL SERVICES AKA SERVIS ONE, INC., and SCHEER LAW GROUP, LLP., was

2   doing business in the State of California, and regularly continues to engage in business in Elk

3   Grove, California.

4        4.      Plaintiff is informed and believes, and thereon alleges that Defendant BSI

5   FINANCIAL SERVICES AKA SERVIS ONE, INC. (hereinafter "BSI"), a with a principle

6   place of business in Texas. At all times material to this Complaint, BSI, was doing business in

7   the State of California, and regularly continues to engage in business in Sacramento, County,

8   California.

9        5.      Plaintiff is informed and believes, and thereon alleges that Defendant SCHEER

10  LAW GROUP, LLP., (hereinafter "SCHEER"), is a domestic limited liability partnership which

11  we were unable to locate which state they were organized under, as we could not located their

12  license in the Secretary of State of California At all times material to this Complaint, Defendant

13  was doing business in the State of California, and regularly continues to engage in business in

14  Sacramento, County, California.

15       5.      Defendant DOES 1-100 are sued by their fictitious names pursuant to C.C.P. §

16  494. Their true names and capacities are unknown to Plaintiff.

17       6.      Plaintiff believes that each fictitiously named Defendant DOE 1-100 is a person

18  or entity who participated in, assisted, advised, was retained by, or counseled by one of the other

19  Defendants herein in connection with the acts alleged herein of which Plaintiff complains. Said

20  fictitiously named Defendants were agents, servants, employees, alter egos, superiors, successors

21  in interest, joint ventures and/or co-conspirators of each of their co-defendants and in doing the

22  things herein after mentioned, or acting within the course and scope of their authority of such

23  agents, servants employees, alter egos, superiors, successors in interest, joint ventures and/or co-

24  conspirators with the permission and consent of their co-defendants, and consequently, each

25  Defendant named herein, and those Defendants named herein as DOES 1 through 100, inclusive,

1  are jointly and severally liable to Plaintiff for the damages and harm sustained as a result of their

2  wrongful conduct.

3       7.     Plaintiff herein names as Defendants DOES 1-100 in this action all unknown

4  persons claiming: a) any legal or equitable right, title, estate, lien, or interest in the Subject

5  Property described in the complaint adverse to Plaintiff's title; or b) any cloud on Plaintiff's title

6  to the Subject Property. The claims of each unknown Defendant and fictitiously named

7  Defendant are without any right, and these Defendants have no right, title, estate, lien, or interest

8  in the Subject Property. Plaintiff seeks by way of this complaint to extinguish and eliminate each

9  and every claim of right by fictitiously named DOES 1-100.

10                    **II.  JURISDICTION AND VENUE**

11      8.     According to the Plaintiffs understanding any counsel and judge of the court have

12  taken a sworn oaths, and are required to abide by those oaths, and know that the only Court that

13  is able to hear matters of the "People" like Plaintiffs would be one which conforms, and

14  complies to Article 3, Section 2 of the Constitution" so when case is assigned it will be assigned

15  in accordance to these requirements making that court proper venue.  Subject-matter jurisdiction

16  for this Court exists: pursuant to 28 U.S.C. Section 1331, because this is an action brought by a

17  consumer for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA") (any

18  reference to the FDCPA or any party thereof encompasses all relevant parts and subparts thereto)

19  15 U.S.C. § 1692 et seq, and the Fair Credit Reporting Act (hereinafter "FCRA") (any reference

20  to the FCRPA or any party thereof encompasses all relevant parts and subparts thereto) 15 U.S.C

21  § 1681 et seq.

22      9.     This Court has personal jurisdiction over Defendants because they specifically

23  engaged in conduct injurious to Plaintiff who was located in the city of Elk Grove, California,

24  and Defendants did this with the full knowledge that Plaintiff was and is in the state and city of

25  Elk Grove, California and that their actions would have an effect in the city and state of Elk

Grove, California, and that their actions would cause injury to Plaintiff in the state of California.

10.     Plaintiff is a resident of Sacramento, County, California. Plaintiff's home, which is the subject of this litigation, is in Elk Grove, California, and Defendants regularly conduct business in this district. Each Defendant is, upon information and belief, operates in California and routinely does business in city of Elk Grove, California.

11.     Venue is proper in the United States District Court for the District of California pursuant to U.S.C. Section 1391. Venue lies in the unofficial Northern Division of this Court.

### III.  INTRODUCTION

12.     Plaintiff is proceeding, pro se in this case. Therefore, this Court must construe this claim liberally and hold it to a less stringent standard than the Court would apply to a pleading drafted by a lawyer. *See, Laber v. Harvey*, 438 F.3d 404, 413 n. 3 (4th Cir. 2006).

(a)     In *Picking*, the plaintiff's civil rights were 150 pages long and described by a Federal Judge as "inept." The Court held that where a plaintiff pleads pro-se in a suit for protection of civil rights, the court should endeavor to construe plaintiff's pleading without regard to technicalities. *Picking v. Pennsylvania Railway*, (151 F2d. 240) (N.J. is in 3r Cir.), Third Circuit Court of Appeals.

(b)     In *Walter Process Equipment v. Food Machinery*, 382 U.S. 172 (1965) it was held that in a "motion to dismiss, the material allegations of the complaint are taken as admitted." From this vantage point, courts are reluctant to dismiss complaints unless it appears the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. (*See, Conley vs. Gibson*, 355 U.S. 41 (1957).

13.     Plaintiff in this action is a victim of unlawful acts perpetrated by Defendants, in efforts to unlawfully foreclose on Plaintiff's property. In doing so, Defendants have made

numerous violation of the FDCPA, FCRA, Rosenthal Fair Debt Collection Practices Act ("RFDCPA") Cal. Civ. § 1788, and the California Credit Reporting Agency Act ("CCRAA").

## IV. DEFINITIONS

14.     Under the FDCPA 15 U.S.C. § 1692a(4)  the term "**creditor**" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

15.     Under the FDCPA 15 U.S.C. § 1692a(5)  the term "**debt**" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

16.     Under the FDCPA 15 U.S.C. § 1692a(6) the term "**debt collector**" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another

17.     Under the FDCPA 15 U.S.C. § 1692e - A **debt collector** may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

18.     Under the FDCPA 15 U.S.C. § 1692f - A **debt collector** may not use unfair or unconscionable means to collect or attempt to collect any debt.

19.     Under the FDCPA 15 U.S.C. § 1692i - (a) Any **debt collector** who brings any legal action on a debt against any consumer shall -- (1) in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located.

## V.   FACTUAL BACKGROUND

20.    On or about June 24, 2011, Plaintiff obtained a mortgage from PMAC.

21.    On or about May 22, 2014 Plaintiff began receiving dunning notices from Defendant. At the time this notice was received the Plaintiff was in default. Plaintiff's has come to the understanding and belief, according to the FDCPA 15 U.S.C. § 1692a(4), and  FDCPA 15 U.S.C. § 1692a(6), that  Defendant here is attempting to collect a debt which was obtained in default solely for the purpose of collecting on the alleged debt, which thereby making the Defendant a "debt collectors" as the term is defined above according to the FDCPA.

23.    As a "**debt collector**" the Defendant has violated numerous FDCPA statues, and their violation has caused great harm to the Plaintiff. What this Court needs to understand is that Defendant is a debt collector and not a creditor. Thereby, Defendant is not a creditor and must adhere to debt collector laws and regulations.

24.    Here, Defendant has never provided any type of admissible evidence and has failed to validate the alleged debt. However, this complaint is not about the existence of an alleged debt or even the Defendant's right to collect. This complaint is about the Defendant's misrepresentation, and egregious actions, while attempting to collect on the alleged debt that has not yet been proven.

## VI.  GENERAL ALLEGATIONS

Plaintiff is informed and believes and therefore alleges that:

25.    This alleged debt was acquired by Defendant after it was in default, according to FDCPA 15 USC 1692a(6), if a debt is acquired while in default the entity that acquires it is considered to be a "debt collector." This statute makes no exception regarding the method of acquisition of the debt, so therefore it would not matter if the alleged debt was acquired by or through a successor in interest, even if they were able to provide a copy of the purchase assumption agreement which specifically lists the alleged debt, including but not limited to the

1   account number, amount owing on the alleged debt at the time of purchase, and the amount

2   which was paid for alleged debt.

3       26.     Plaintiff in this action is a victim of unlawful acts perpetrated by Defendant, in

4   efforts to unlawfully foreclose on Plaintiff's property.  According to the FDCPA, the only

5   method of foreclosure that a debt collector can avail themselves to would be a judicial

6   foreclosure, and even if Defendant was to prevail the judgment could only be for monetary

7   compensation not possession of real property 15 USC 1692i. In taking the actions Defendant has

8   taken by illegally foreclosing on Plaintiff's real property through non-judicial foreclosure,

9   Defendant has made numerous violation of the FDCPA,FCRA, Rosenthal Fair Debt Collection

10  Practices Act ("RFDCPA") Cal. Civ. Code § 1788, and the California Credit Reporting Agency

11  Act ("CCRAA") Cal. Civ. Code §1785 et al.

12      27.     Defendant is engaged in the collection of debts from consumers using the mail

13  and telephone.  Defendant regularly attempts to collect debts alleged to be due to another. Under

14  the FDCPA 15 U.S.C. § 1692 the term "debt collector" means any person who uses any

15  instrumentality of interstate commerce or the mails in any business the principal purpose of

16  which is the collection of any debts, or who regularly collects or attempts to collect, directly or

17  indirectly, debts owed or due or asserted to be owed or due another. Defendant here is a debt

18  collector under the FDCPA. Defendant is NOT a creditor or a lender. There is no evidence

19  presented that even comes close to proving that Defendant is a lender or a creditor. So, to say

20  that the FDCPA does not apply because Defendant is a lender or a creditor would be to apply the

21  law incorrectly and grossly harm the Plaintiff.

22      28.     In addition, where a loan servicer becomes the loan servicer after the borrower is

23  in default, the loan servicer is a "debt collector" and becomes obligated to comply with the

24  FDCPA in all respects.  See *Santoro v. CTC Foreclosure Serv. Corp.*, 12 F. App'x. 476, 480 (9th

25  Cir. 2001); *Kee v. R-G Crown Bank*, 656 F. Supp. 2d 1348, 1354 (D. Utah 2009) (determining.

'that a loan servicer . ... is only a 'debt collector' within the meaning of the FDCPA if it acquires the loan after it is in default'). See also *Alibrandri v. Fin. Outsourcing Servs.*, Inc., 333 F.3d 82 (2d Cir. 2003) (holding that a debt was in "default" and a service provider was a "debt collector," by virtue of the service providers collection letter declaring the debt in default and informing the debtor that the service provide was, in fact, a debt collector).

29. Federal courts have held that Wells' Fargo Bank, N.A. (WFB) must comply with the FDCPA. A Federal District Court within the Ninth Circuit Court of Appeals (whose jurisdiction includes federal courts in California) has held that Wells Fargo Bank, N.A. may be a debt collector required to comply with the FDCPA. *Williams v. Wells Fargo Bank, N.A., Et al.*, 2012 U.S. Dist. LEXIS 2871 (W.D. WA, January 12, 2012).

30. In *Williams*, the consumers alleged Wells Fargo was in violation of Federal debt collection laws by failing to provide verification of the alleged debt. 15 U.S.C. § 1692, et seq. In their motion to have the lawsuit thrown out, Wells Fargo did not claim that the bank had provided verification of the debt to the consumers. Instead, the bank asserted two reasons the case should be dismissed. First, WFB argued it was not a debt collector under the FDCPA. The bank argued that the FDCPA only applies to "parties collecting the debt of another," 15 U.S.C. § 1692(a)(6), and that "creditors, mortgagors and mortgage servicing companies are not 'debt collectors' and are exempt from liability under the [FDCPA]." Id. (citing *Caballero v. Ocwen Loan Servicing*, 2009 U.S. Dist. LEXIS 45213, 2009 WL 1528128, at *1 (N.D. Cal. 2009) and *Glover v. Fremont Inv. and Loan*, 2009 U.S. Dist. LEXIS 117890, 2009 WL 6114001, at *8 (N.D. Cal. 2009)). Simply put, Wells Fargo argued that because it was collecting its own debts it was exempt from FDCPA liability. Second, Wells Fargo claimed that the FDCPA does not apply in a non-judicial foreclosure proceeding. Basically, the bank argued that when there is a typical foreclosure on a deed of trust, (where there is no lawsuit filed by the bank), the bank is not attempting to collect money, and thus they are not really attempting to collect a debt.

1      31.    The federal court disagreed with Wells Fargo on both grounds. The court

2  reasoned, the term "debt collector" applies to those who acquired the debt when it was already in

3  default. See *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003). The Court

4  noted that Wells Fargo admitted the debt had already been in default for one year when the deed

5  of trust was assigned to Wells Fargo, and thus Wells Fargo met the definition of a debt collector

6  under the FDCPA. Next, the Court ruled on the issue of whether foreclosing on property could

7  be considered an attempt to collect a debt, and it stated: "Although the Court is aware of district

8  court cases that have held that the act of foreclosing on property is not "debt collection" under

9  the FDCPA, this Court has not adopted such a per se holding and it will not do so here. See

10  ***Albers v. Bank of America Mortg. LLC***, 2011 U.S. Dist. LEXIS 182, 2011 WL 43584, at \*2

11  (E.D.Wash. Jan. 3, 2011) (citing cases). Nothing in the statute compels the Court to create an

12  exception to the definition of "debt collector," as Wells Fargo proposes, where a party is non-

13  judicially enforcing on a security instrument rather than pursuing debt collection through more

14  traditional means. To the contrary, **courts have reasoned that as long as a defendant meets the**

15  **statutory definition of debt collector, "they can be covered by all sections of the Act . .**

16  **.regardless of whether they also enforce security interests.**" *Wilson v. Draper & Goldberg,*

17  *P.L.L.C.,* 443 F.3d 373, 378 (4th Cir. 2006) (referring to § 1692f(6) as an inclusive provision);

18  see also *Kaltenbach v. Richards*, 464 F.3d 524, 528-29 (5th Cir. 2005) (noting that "the entire

19  FDCPA can apply to a party whose principal business is enforcing security interests but who

20  nevertheless fits § 1692a(6)'s general definition of debt collector"). Here, the Court should note

21  that the alleged debt claimed by Defendant was in default when the deed of trust was assigned,

22  and thus Defendant meets the definition of a debt collector under the FDCPA. Defendant is not a

23  creditor or a lender.

24      32.    In addition, where a loan servicer becomes the loan servicer after the borrower is

25  in default, the loan servicer is a "debt collector" and becomes obligated to comply with the

1   FDCPA in all respects. *See Santoro v. CTC Foreclosure Serv. Corp.*, 12 F. App'x. 476, 480 (9th

2   Cir. 2001); *Kee v. R-G Crown Bank*, 656 F. Supp. 2d 1348, 1354 (D. Utah 2009) (determining

3   'that a loan servicer . . . is only a 'debt collector' within the meaning of the FDCPA if it acquires

4   the loan after it is in default'). *See also Alibrandri v. Fin. Outsourcing Servs., Inc.*, 333 F.3d 82

5   (2d Cir. 2003) (holding that a debt was in "default" and a service provider was a "debt collector,"

6   by virtue of the service providers collection letter declaring the debt in default and informing the

7   debtor that the service provider was, in fact, a debt collector).

8       33.     Furthermore, Plaintiff is a "consumer" as that term is defined in 15

9   USC§1692a(3), 15 USC§1681, and CA Code 1788.2(c), since the alleged debt here deals with

10  the purchase of a home, which means it's a debt incurred for personal family purposes.

11      34.     Plaintiff does not have a contract with Defendant.

12      35.     To the best of Plaintiff's knowledge and belief, Defendant has used the mails of

13  the United States to attempt to collect from Plaintiff an alleged debt purportedly previously owed

14  to an "original creditor," other than Defendant, which has purportedly been "charged off."

15      36. Defendant has violated FDCPA, 15 U.S.C. §1692e, because it made and/or employed

16  false, deceptive and misleading representations and/or means in connection with the instant

17  cause of action. Said false, deceptive and misleading representations were and have been made

18  and are being made to credit reporting bureaus and others as more specifically set out hereafter.

19  Some or all of said false, deceptive and misleading representations were knowingly and

20  intentionally made by Defendant.

21      37.     Defendant has violated the FDCPA, 15 U.S.C. §1692d because it has engaged in

22  conduct of which the natural consequence of which is to harass, oppress, or abuse Plaintiff in

23  connection with the alleged attempt to collect on this debt and foreclosure of Plaintiff's property.

24  Defendant knowingly and intentionally engaged in harassing, oppressive, and/or abusive conduct

25

toward Plaintiff.  Defendant knew or should have known that the natural consequences of said

conduct would be to harass, oppress, or abuse the Plaintiff.

38.     Defendant violated the FDCPA, and is liable to Plaintiff for statutory, actual, and

punitive damages thereon, attorneys' fees, and costs. Said violations include, but are not limited

to violations of 15 U.S.C. §1692e, et seq. and 15 U.S.C. §1692d, et seq.

39.     Defendant has knowingly, intentionally, deliberately, and fraudulently

misrepresented, and/ or mislead what Plaintiff's legal status, character, and/or amount of the debt

was in violation of 15 U.S.C. §1692e(2), and in violation of U.S.C.15 §1692e(10).

40.     Defendants have not verified or produced: any accounting or financial records,

including the above records, necessary to prove the breakdown of the purported "total" amount

alleged to be owed, with respect to its components, such as principal, interest, late fees, over

limit fees, etc. or their current license in the state of California to act as a debt collector.

## V.  FIRST CLAIM FOR RELIEF

### FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. § 1692
### *ET SEQ.*

41.     Plaintiff incorporates the allegations in all preceding paragraphs as if fully set

forth herein.

42.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3)

43.     Defendant has violated the FDCPA in connection with its attempts to collect an

account against Plaintiff. Defendant's violations include, but are not limited to, 15 U.S.C. §

1692d, 1692e, 1692e(2)(A), 1695e(5), 1692e(8), 1692e(10),1692g 1692i.

44.     Defendant has violated FDCPA 15 U.S.C § 1692j, as Plaintiff believed they were

acting on behalf of the actual creditor, however, in reality they were engaging in conduct of

which the natural consequence was to harass, oppress, or abuse Plaintiff in connection with the

collection of a debt; and they also used false, deceptive, or misleading representations or means

1   in connection with the collection of a debt; supported by the unauthenticated assignment; and

2   thus violated the FDCPA.

3       45.    Defendant has failed to validate the alleged debt, which is a violation of FDCPA

4   15 U.S.C. 1692g.  However, Plaintiff is in receipt of an "Assignment" dated February 22, 2012,

5   that states that Mortgage Electronic Systems ("MERS") is transferring all of their interest to

6   BANK OF AMERICA, N.A., SUCCESSOR BY MERGERR TO BAC HOME LOANS

7   SERVICING, LP, furthermore according to the following cases from the 9th circuit court it has

8   been adjudicated that MERS has never been in possession of the note, furthermore is it against

9   their bylaws to do so.

10      46.    This document has not, and most likely cannot be authenticated as if you take

11  notice this document is signed by someone who claims to be an employee of MERS, which is a

12  system not a company, furthermore in the case *Walker v. Bank of America*, it has been

13  determined that MERS does not have the authority to sign and transfer an assignment. *In Re:*

14  *Walker*, Case No. 10-21656-E-11. The United States Bankruptcy Court for the Eastern District of

15  California issued a ruling on May 20, 2010 in the matter of *In Re: Walker*, Case No. 10-21656-E-

16  11, which found that MERS could not, as a matter of law, have transferred the note to Citibank

17  from the original lender, Baryrock Mortgage Corp. The Court's opinion is headlined stating that

18  MERS and Citibank are not the real parties in interest. The Court found that MERS acted "only

19  as a nominee" for Bayrock under the Deed of Trust and there was no evidence that the note was

20  transferred. The opinion also provides that "several courts have acknowledged that MERS is not

21  the owner of the underlying note and therefore could not transfer the note, the beneficial interest

22  in the deed of trust, or foreclose on the property secured by the deed," citing the well-known

23  cases of *In Re: Vargas*, *Landmark v. Kesler* (Kansas), *LaSalle Bank v. Lamy* (New York), and *In*

24  *Re Foreclosure Cases* (the "*Boyko*" decision from Ohio Federal Court). Therefore, the Court

25  concluded by stating: **"Since the claimant, Citibank, has not established that it is the owner**

1    **of the promissory note secured by the trust deed, Citibank is unable to assert a claim for**

2    **payment in this case.**" Thus, any foreclosing party which is not the original lender which

3    purports to claim payment due under the note and the right to foreclose in California on the basis

4    of a MERS assignment does not have the right to do so under the principles of this opinion.

5    Therefore, I believe this case would be considered to be an "extreme circumstance." *Melendrez*

6    *v. D & I Investment, Inc.* (2005) 127 Cal. App. 4th 1238; 26 Cal. Rptr. 413. The Court in this

7    case should carefully scrutinize this non-judicial foreclosure and set it aside; due to the fact that

8    the Plaintiff's rights, here, have been grossly violated. *Stirton v. Pastor* (1960) 2 Cal. Rptr. 135,

9    177 Cal. App. 2d 232. You will find a list of purported employees of Mortgage Electronic

10   Systems and there is no T. Sevillano employed by them.

11        47.      Further, in *Glaski v. Bank of America, et al*, 218 Cal. App. 4th 1079 (2013), the

12   court concluded that borrowers are permitted to "pursue questions regarding the chain of

13   ownership," a position the court stated was supported by *Herrera v. Deutsche Bank National*

14   *Trust Co.*, 196 Cal.App.4th 1366, in which Deutsche's motion for summary judgment was denied

15   based on the failure of Deutsche to establish it was the beneficiary under the deed of trust. As a

16   result, in that case, "the court concluded that triable issues of material fact existed regarding

17   alleged breaks in the chain of ownership of the deed of trust in question." *Id.* at p. 1378.

18        48.      Plaintiff's wishes to reserve their rights to petition the Notary's log for

19   authentication and validation. An accounting that is signed and dated by the person responsible

20   for the account has not been produced. Claim of damages, to be admissible as evidence, must

21   incorporate records such as a general ledger and accounting of the alleged debt, the person

22   responsible for preparing and maintaining the account general ledger must provide a complete

23   accounting which must be sworn to and dated by the person who maintained the ledger. See

24   *Pacific Concrete F.C.U. V. Kauanoe*, 62 Haw. 334, 614 P.2d 936 (1980), *GE Capital Hawaii,*

25   *Inc. v. Yonenaka* 25 P.3d 807, 96 Hawaii 32, (Hawaii App 2001), *Fooks v. Norwich Housing*

1    *Authority* 28 Conn. L. Rptr. 371, (Conn. Super.2000), and *Town of Brookfield v. Candlewood*

2    *Shores Estates, Inc.* 513 A.2d 1218, 201 Conn.1 (1986).

3           49.      Further, under Bain, MERS could never be a lawful beneficiary. *Bain v. Metro.*

4    *Mort. Grp., Inc.* 17 5 Wn.2d 83, 89, 285 P. 3d 34, 37 (2012); *Walker v. Quality Loan Service*

5    *Corp. of Washington*, No. 6597581, Slip Op. at 4 (Aug. 26, 2013); *Bavaland v. Onewest Bank.*

6    *FSB*, No. 682172I, Slip Op. at 11 (Sept.9,2013). MERS never held the note or any instrument or

7    document evidencing the obligations secured by the Deed of Trust.

8

9           50.      MERS, here, is nothing more than a party in interest. MERS is a separate

10    corporation that is acting as a nominee for the Lender and Lender's successors and assigns. As

11    the nominee for the Lender, Defendant is charged with the responsibility of administering the

12    Deed of Trust on the Lender's behalf. See *Weingartner v. Chase Home Finance*, 702 F. Supp. 2d

13    1276, 1279 (D. Nev. 2010) ("In the context of a nominee on a deed of trust, this implies that the

14    nominee is granted authority as an agent to act on behalf of the nominator (holder of the

15    promissory note) as to administration of the deed of trust.)" This certainly does not mean that

16    Defendant can automatically assert claims to the title of the Property on their own behalf. *Cf.*

17    *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034 (9th Cir. 2011) ("The legality of

18    MERS' role as a beneficiary may be at issue where MERS initiates foreclosure in its own

19    name."); *Mortgage Elec. Registration Sys. v. Saunders*, 2 A.3d 289, 294-97 (Me. 2010)

20    concluding that MERS cannot foreclose because it does not have an independent interest in the

21    loan as it functions solely as nominee); *Landmark Nat'l Bank v. Kesler*, 216 P.3d 158, 165-69

22    (Kan. 2009). Also, while Defendant's place much weight on their purported role as the "record

23    beneficiary" of the Deed of Trust in order to assert an interest in the title of the Property, this is

24    nothing but obfuscation. Although the Deed of Trust formalistically and rather unusually suggest

25    that Defendants are only the "nominee" of the Lender but "but the "beneficiary" of the Deed of

1  Trust as well, the substance of the Deed of Trust shows that Defendant is not in fact the actual

2  beneficiary. The Deed of Trust provides that Defendant is a "separate corporation that is acting

3  solely as a nominee for Lender and Lender's assigns/" This provision further proves that

4  Defendant is only an agent of the true beneficiary and thus does not, in and of itself, reap the

5  direct benefit of the Deed of Trust through a right to collect on the loan. Instead, the benefit of

6  collection belongs to the Lender, as the true beneficiary.

7

8  51.    It is undisputed and indisputable that the only Notice of Default issued was

9  transmitted by BSI FINANCIAL SERVICES on behalf of, as the agent of, and identifying

10  MERS as the beneficiary. At the time the Notice of Default was transmitted MERS was not the

11  beneficiary, and could not have lawfully been so, and BSI FINANCIAL SERVICES was not yet

12  appointed as trustee, and would never lawfully be so appointed. Additionally there is no proof

13  that BSI FINANCIAL SERVICES was actually holding the note in their possession at the time

14  they issued the Default Notice.  The Notice of Default was insufficient to comply with the law

15  and could not be a predicate for a non-judicial sale. *Schroeder v. Excelsior Mgmt. Grp.*, LLC,177

16  Wn.2d94, 106-7, 297 P.3d 677 (2013).

17

18  52. Defendant made numerous calls to the Plaintiff even after being advised that they did

19  not have the authority to contact anyone at this number, and failing to validate the alleged debt

20  which violates the Telephone Consumer Protection Act.

21  53.    Non-judicial foreclosure, attempting to seize property violating FDCPA 15 USC

22  1692i.

23  54.    Failure to Validate alleged debt as required by 15 USC 1692g

24  55.    Plaintiff alleges that Defendant routinely ignored, and violated FDCPA

25  to enhance its own their own profits, most recently from approximately May 2014 until the

present.

56.    Defendant sent several correspondence letters to Plaintiff which state that this is an attempt to collect a debt. However they failed to disclose the fact that they are a debt collector, which is misrepresentation, and a violation of 15 U.S.C 1692.

57.    Defendant's conduct was negligent or willful or both, rendering it liable for attempting to collect fees, interest, and expenses from Plaintiff that are not authorized by any agreement or permitted by law, in violation of 1692 f (1).

58.    Defendant's conduct was negligent or willful or both, rendering it liable for failing to cease collection of an alleged debt, and not providing proper validation of the alleged debt to Plaintiff, 1692 g (b).

59.    As a result of the foregoing violations, Defendant is liable for actual damages, including general damages and special damages in an amount to be proven at trial, but not less than $2,000 per Plaintiff, pursuant to 15 U.S.C. §1692(k) a 1.

60.    As a result of the foregoing violations, Defendant is liable for actual damages ,including general damages and special damages in an amount to be proven at trial, but not less than $1,000 per Plaintiff, pursuant to 15 U.S.C. § 1692(k) a 2 a.

61.    As a result of the foregoing violations, Defendant is liable for costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k) a 3.

62.    As a result of the foregoing violations, Defendant should be enjoined from employing any of the unlawful conduct, methods, acts, or practices under the FDCPA alleged herein or proven at trial.

63.    An actual controversy has arisen and now exists between Plaintiff and Defendant concerning their respective rights and duties under the FDCPA. A judicial declaration    pursuant to Code of Civ. Procedure 1060 that Defendant's actions violated the FDCPA is necessary so that all parties may ascertain their rights and duties under the law.

64.     Based on the allegations above and further set forth herein, Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Defendant by, without limitation; Continuing to pursue collection of disputed and unverified debt; foreclosing on Plaintiff's property and selling it; forcing Defendant to defend against an invalid action, and further, and in addition thereto, knew or should have known that it has engaged in such conduct, and the said consequences thereof.

65.     Upon information and belief, Defendant has communicated credit information to persons, including but not limited to credit reporting bureaus or agencies, with respect to Plaintiff, which it knew or should have known to be false - including without limitation allegations that Plaintiff owed the purported debt which is the subject of this action, and/or that Plaintiff owes said debt to Defendants and/or that Defendants are the original creditor of said alleged debt.

66.     Upon information and belief, Defendant, is in violation of 15 U.S.C. §1692e(8), because Defendant failed to communicate to Plaintiff, other persons and entities, including credit bureaus, and persons yet to be determined, that Plaintiff had disputed the alleged debt.

67.     An actual controversy has arisen and now exists between Plaintiff and Defendant concerning their respective rights and duties under the FDCPA. A judicial declaration    pursuant to Code of Civ. Procedure 1060 that Defendant's actions violated the FDCPA is necessary so that all parties may ascertain their rights and duties under the law.

68.     Based on the allegations above and further set forth herein, Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Defendant by, without limitation; Continuing to pursue collection of disputed and unverified debt; foreclosing on Plaintiff's property and selling it; forcing Defendant to defend against an invalid action, and further, and in addition thereto, knew or should have known that it has engaged in such conduct, and the said consequences thereof.

69.     Upon information and belief, Defendant has communicated credit information to persons, including but not limited to credit reporting bureaus or agencies, with respect to Plaintiff, which it knew or should have known to be false - including without limitation allegations that Plaintiff owed the purported debt which is the subject of this action, and/or that Plaintiff owes said debt to Defendants and/or that Defendants are the original creditor of said alleged debt.

70.     Upon information and belief, Defendant, is in violation of 15 U.S.C. §1692e(8), because Defendant failed to communicate to Plaintiff, other persons and entities, including credit bureaus, and persons yet to be determined, that Plaintiff had disputed the alleged debt.

71.     Under the FDCPA 15 U.S.C. § 1692f - A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt; (6) Taking or threatening to take any non-judicial action to effect dispossession or disablement of property if—(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest. In *Armacost v. HSBC Bank USA*, No. 10-CV0274-EJL-LMb, 2011 WL 825151 (D. Idaho Feb. 9, 2011) the plaintiff generally alleged violations of 15 U.S.C. § 1692f and argued that defendant did     not have standing to foreclose on the deed of trust. Defendant here also does not have standing to foreclose. The court first noted that the definition of "debt collection" found in 15 U.S.C. § 1692a(6) included the following sentence: "For the purpose of section 1692f(6) of this title, [a debt collector] also includes the principal purpose of which is the enforcement of security interests." *Id*. It then explained that 15 U.S.C. § 1692f(6) prohibits a debt collector from "taking or threatening to take any non-judicial action to effect dispossession or disablement of property if (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest." Id. at n.5 (quoting 15 U.S.C. §1692f(6). The case stated, "if 'debt collection' generally included the enforcement of a security interest, the language specifying so for the purposes of §1692f(6) would be surplusage, and such a

1    construction would violate a 'long standing canon of statutory construction that terms in a statute

2    should not be construed so as to render any provision of that statute meaningless or superfluous.'

3    *Id.* (quoting *Beck v. Prupis*, 529 U.S. 494, 506 (2000)) (footnote omitted). The court thus

4    concluded that while "a non-judicial foreclosure action generally does not constitute a 'debt

5    collection activity' under the FDCPA," an exception to this rule existed for claims under 15

6    U.S.C. § 1692f(6) *Id.*

7         72.    By falsely representing that Defendant is either an assignee of an original creditor,

8    and/or that said assignment constitutes a proper, competent, or valid assignment between

9    Defendant and the original creditor of any alleged debt by any alleged original creditor to

10   Defendant, and/or that Defendant is the original creditor, Defendant has made material, false and

11   misleading representations, and has further communicated to Plaintiff and other persons credit

12   information which is known or which should be known to be false, including the above, the

13   failure to communicate that a disputed debt is disputed, the "re-aging" of said debt, the false and

14   misleading representation and impression that Defendant is the original creditor of said debt, and

15   other material false and misleading representations, and has violated 15 U.S.C. §1692e, 15

16   U.S.C. §1692e(8), §1692e(2)(A), § 1692e(5), § 1692e(10) and § 1692f. Defendant either knew or

17   should have known all of the above.

18        73.    By reporting that Plaintiff had an account, and with Defendant reporting this to

19   credit bureaus this was misleading information regarding the nature and/or status of said alleged

20   debt with respect to such matters as the identity of the original creditor, the relevant dates and

21   ages of said alleged debt, and other matters which Defendant knew or should have known would

22   mislead, Defendant has violated 15 U.S.C. §1692e(2)(A), 1692e(8), 1692e(10) and 1692k(a)(3).

23        74.    The FDCPA, §1692k, provides for actual damages, statutory damages up to one-

24   thousand dollars ($1,000.00) per violation, costs of the action, and reasonable attorneys' fees.

25   Defendant has suffered actual damages as the proximate and actual cause and result of the

violations of the FDCPA by Defendants to be determined at trial. Defendant is liable to Plaintiff for statutory damages as prescribed by § 1692k(a)(2)(A), actual damages pursuant to § 1692k(a)(1) in an amount to be determined at time of trial, and reasonable attorneys' fees and costs pursuant to §1692k(a)(3).

75.     It seems that the reference number that Defendant instructs Plaintiff to use when making payments is different from that which was provided by the original lender America's Wholesale Lender, if Defendant is the servicer of the loan and is acting on behalf of the original lender Defendant as the servicer as stated in Defendant's assignment letter why would Defendant change the number to which Plaintiffs' payments was applied. This leads Plaintiff to believe the payments will be misapplied, and incorrect credit would be issued, and which make Plaintiff vulnerable to future collections by the original debt as these payments will not be properly applied.

76.     Courts will carefully scrutinize non-judicial foreclosures and set them aside if the borrower's rights have been violated. *Stirton v. Pastor* (1960) 2 Cal. Rptr. 135, 177 Cal. App. 2d 232.

77.     Plaintiff hereby prays for actual damages under the FDCPA, and for statutory damages as set forth above for each and every violation of the FDCPA proven at the trial of this case, and reasonable attorneys' fees and costs thereunder.

## VI. SECOND CLAIM FOR RELIEF

### FAIR CREDIT REPORTING ACT

78.     Plaintiff incorporates the allegations in all preceding paragraphs as if fully set forth herein.

79.     Defendant by their own admission are "debt collectors" pursuant to 15 USC§1692a(6), and 15 USC§1681n. Plaintiff is a "consumer" as that term is defined in 15 USC§1692a(3), and 15 USC§1681. Defendant is not a creditor as they have mislead the

consumer in believing, and rather according to 15 USC 1692a(6) and by their own admission are debt collectors. Plaintiff has not applied for, neither have they received any services, insurance, employment or credit with Defendant. Additionally, Defendant obtained Plaintiff's consumer credit report and made an inquiry on his report. Defendant obtained the credit report by misrepresenting to the credit bureaus that they had a right to run Plaintiff's credit. Therefore, Defendant's intrusion into counter Plaintiff's personal credit file constitutes a willful and negligent violation of 15 USC§ 1681q, which is a criminal offense (felony) punishable under Title 18§USC, the penalty being a fine and or two years imprisonment.

80.     Under the FCRA, 15 U.S.C. § 1681, et seq., consumer agencies are authorized to furnish consumer reports only for certain "permissible purposes." If the credit transaction is not initiated by the consumer, the consumer agency is further restricted, and may issue a credit report only if, among other things, "the transaction of a firm offer of credit..." See 15 U.S.C. § 1681b(c)(1)(B)(i). Plaintiff asserts that Defendant violated §1681b(c) by obtaining credit information without a "permissible purpose." As stated above Defendant's obtained Plaintiff's personal credit file, made inquiries and negative entries on his credit report without permission and without a permissible purpose; there was absolutely no reason for Defendant to obtain Plaintiff's credit report. Thus, Defendant is in violation of the FCRA.

81.     Plaintiff believes that Defendant has misrepresented the status of the account with the original lender America's Wholesale Lender. According to Plaintiff's credit report the account with the original lender has been paid or is being paid as agreed, which leads Plaintiff to question Defendant's attempt to validate the alleged debt they claim to be owed to them by the Plaintiff.

82.     As a result of Defendant's knowingly and willfully request and receipt of information on the Plaintiff from consumer reporting agencies under false pretenses, Defendant an unknown person is liable to the Plaintiff under the FCRA.

83.     Pursuant to 15 U.S.C. § 1681q and 15 U.S.C. § 1681n any person who knowingly and willingly obtain information on a consumer from a consumer reporting agency under false pretenses is liable to that consumer in an amount equal to the sum of (i) any actual damages of not less than $100.00 and not more than $1,000.00; (ii) such amount of punitive damages as the court may allow: and (iii) in the costs of this action together with reasonable attorneys' fees.

84.     As a result of Unknown Persons' request and receipt of consumer report under false pretenses or knowingly without a permissible purpose, Unknown Persons are liable to the plaintiff in an amount equal to the sum of (i) any actual damages sustained by the plaintiff as a result of the failure or $1,000.00, whichever is greater, (ii) such amount of punitive damages as the court may allow; and (iii) the costs of this action together with reasonable attorneys' fees.

85.     As the principle of its agents, Defendant is unknown to the Plaintiff and is liable to Plaintiff for any and all damages suffered by Plaintiff as a result of the unlawful acts of unknown persons.

86.     As a result of Defendant's negligent failure to comply with the FCRA, defendants are liable to the plaintiff in an amount equal to the sum of (i) any actual damages sustained by Plaintiff as a result of said failure and (ii) the cost of the action together with reasonable attorney's fees.

## VII.  THIRD CLAIM FOR RELIEF

## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (Cal. Civ. Code § 1788, et seq.)

87.     Plaintiff incorporates the allegations in all preceding paragraphs as if fully set forth herein.

88.     Plaintiff is a consumer as set forth above and the alleged debt owed is a consumer debt pursuant to the RFDCPA.

89.     Defendant is a debt collector in the business of collecting debts.

90.     Defendant is engaged in unfair collection practices in violation of the RFDCPA by, inter alia:

A.      Defendants proceeded to attempt to collect a debt that was not owed, using abusive tactics, including repeatedly contacting Plaintiffs through the mail.

B.      Defendants demanded payment for an invalid debt.

C.      By communicating and disclosing to credit bureaus Plaintiff's information without Plaintiff's consent, and having the credit bureau's issue negative marks against the Plaintiff.

D.      Defendant who is debt collectors have been communicating with Plaintiff and trying to pass themselves off as creditors.

91.     Defendant violated the RFDCPA, through their violations of 15 U.S.C. §§ 1692 (e) and (f) of the FDCPA, by making false or misleading representations in their unfair attempts to collect an alleged debt from Plaintiff.

92.     Defendant's violation of the RFDCPA was intentional and/or malicious.

93.     As a result of Defendants violations of the RFDCPA by Defendant, Plaintiff is entitled to actual and statutory damages, attorney's fees and costs under California Civil Code § 1788.30, and such other relief as the court determines.

## VIII.  FOURTH CLAIM FOR RELIEF

### NEGLIGENCE

94.     Plaintiff incorporates the allegations in all preceding paragraphs as if fully set forth herein.

95.     At all times herein, Defendant, had a duty to exercise reasonable care and skill to maintain proper and accurate records, but not limited, foreclosing on Plaintiff's property and selling it when it did not have the legal authority and/or proper documentation to do so.

96.     Also, in failing to conduct a reasonable investigation and correction of false information in response to Plaintiff's credit reporting dispute. Defendants negligently failed to comply the requirements of the FCRA.

97.     As a result of Defendant's failure to comply with the requirements of the FCRA Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damages to reputation, emotional distress, and interference with Plaintiff's normal and usual activism for which Plaintiff seeks damages in an amount to be determined by the jury.

98.     As a direct and proximate result of the negligence and carelessness of Defendants as set forth above, Plaintiff, suffered, and continues to suffer, general and special damages in an amount to be determined at trial.

## IX.  FIFTH CLAIM FOR RELIEF

### CALIFORNIA CONSUMER CREDIT REPORTING AGENCY

99.  Plaintiff incorporates the allegations in all preceding paragraphs as if fully set forth herein.

100.    Under the California Consumer Credit Reporting Agency ("CCCRA") Cal. Civ. Code § 1785.25(a) provides that the furnisher "shall not" furnish credit information to "any credit reporting agency if the person [furnisher] knows or should know the information is incomplete or inaccurate." Likewise, if a furnisher determines any previously reported information is incomplete or inaccurate, it must update and correct that information so that it is "complete and accurate." Cal. Civ. Code § 1785.25(b).  So long as a consumer continues to dispute the credit history or information, the furnisher must note or flag the existence of this dispute anytime it furnishes credit information about that consumer. Cal. Civ. Code § 1785.25(c).

101.    Additionally, the CCRAA was amended to require that if a furnisher of information receives a notice of dispute made pursuant to Cal. Civ. Code § 1785.16(a), it then

owes a duty to (1) "review relevant information" submitted to it; (2) "complete an investigation with respect to the disputed information" it provided; and (3) to "report to the consumer credit reporting agency the results of that investigation" within 30–business days. Cal. Civ. Code § 1785.25(f).

## X.  SIXTH CLAIM FOR RELIEF

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

102.    Plaintiff incorporates the allegations in all preceding paragraphs as if fully set forth herein.

103.    Defendant's acts and/or omissions were done intentionally and/or with gross indifference to Plaintiff's rights.

104.    Plaintiff's emotional distress includes, but is not limited to, extreme humiliation, anxiety and a loss of sleep. As a result of the Defendant's conduct, Plaintiff has suffered compensatory, general, and special damages in an amount according to proof. Additionally, Defendant acted with malice, fraud and/or oppression, by attempting to take Plaintiff's property through foreclosure when they have no legal right to do so, and thus, Plaintiff is entitled to an award of punitive damages.

## XI  EIGHTH CAUSE OF ACTION

### DECLARATORY JUDGMENT/LIEN RELEASE

105.    Plaintiff incorporates by reference as through fully set forth herein, each and every allegation above set forth in this complaint.

106.    In California, an action to quiet title to real property is an equitable proceeding in which a party seeks to settle a dispute over ownership of property or to remove a cloud upon the title to the property. Here, Plaintiff does not dispute that he has failed to make payments on his mortgages since April '2009, however, an actual controversy has arisen and now exists between Plaintiff and Defendant, concerning their respective rights and duties to the Subject

Property in that Plaintiff contends that Defendant has no right to the Subject Property. Defendant is attempting to foreclose on a property they have no right to foreclose on and has not shown any evidence that is adequate to prove they do.

107.    Plaintiff seeks a judicial determination of whether Defendants have any interest in the Subject Property to encumber, sell, lease, or otherwise dispose of the Subject Property through any means including the right to a non-judicial foreclosure. As it is the Plaintiff's understanding that even if Defendant were legally able to perform a non-judicial foreclosure, California law clearly states that a winning bid at a foreclosure auction is for a lien and NOT the property, so at best the Defendant would only be entitled to a judgment of monetary compensation if this were not a time barred alleged debt, and the statute of limitations had not run.

108.    Plaintiff is seeking to quiet title against Defendants as follows: the claims of Defendants regarding the Subject Property is without any right since Defendants are debt collectors and as such Defendants have no right, title, estate, lien, or interest whatever in the Subject Property or any part thereof.

109.    Plaintiff, here, is the sole owner in fee simple of the Subject Property.

110.    Plaintiffs seek to quiet title as of the date this complaint is filed with the court.

111.    The Subject Property should be restored to Plaintiff, its rightful owner.

112.    Plaintiff, here, seeks to quiet title against Defendant. Defendant has no right, title, or interest whatsoever in the Subject Property.

113.    This Court should declare and decree and enter an Order of Declaratory Relief that Plaintiff is the rightful owner of the Property and quiet title in the name of Plaintiff.

114.    It has been necessary for Plaintiff to retain the services of attorneys to prosecute this action and therefore Plaintiff is entitled to recover reasonable attorney's fees and costs incurred in accordance with the law, including, without limitation, as special damages.

### XIII.  NINTH CAUSE OF ACTION

### INJUNCTIVE RELIEF

115.    Plaintiff incorporates by reference as through fully set forth herein, each and every allegation above set forth in this complaint.

116.    At all times herein relevant, Defendant, has wrongfully and unlawfully threatened:  Plaintiff's quiet enjoyment and use of its real property.

117.    Defendant's threatened conduct, unless and until enjoined and restrained by this Court will cause great and irreparable injury to Plaintiff in that it Plaintiff will be deprived of the quiet use and enjoyment of its real property.

118.    Not only will Defendant's threatened conduct cause great and irreparable harm to Plaintiff unless and until enjoined, that same threatened conduct will cause great and irreparable harm to Plaintiff's family.

119.    Plaintiff has no adequate remedy at law for the injuries that will result from the threatened conduct of Defendant's in that it will be impossible for Plaintiff to calculate the precise amount of damages it will suffer if Defendant's conduct is not enjoined and restrained.

120.    In this case, the irreparable harm that the Plaintiff will suffer is obvious and enormous. Defendant will lose his real property and will be evicted from his home, Defendant will incur the costs and emotional distress of losing his property and repairing his further damaged credit history. Undeniably, the Plaintiff will suffer severe damages.

### IX.  TENTH CAUSE OF ACTION

### WRONGFUL FORECLOSURE

121.    Plaintiff incorporates by reference as through fully set forth herein, each and every allegation above set forth in this complaint.

122.    Neither PMAC, COMMERCE TITLE, SCHEER LAW GROUP, LLP,  nor Defendant has recorded a transfer of beneficial interest in the Note to Defendant.

123.    Defendant does not have standing to enforce the Note because Defendant is not the owner of the Note, Defendant is not a holder of the Note, and Defendant is not a beneficiary under the Note. Defendant does not claim to be a holder of the Note or a beneficiary. Defendant describes itself as a loan servicer in the Notice of Trustee's Sale. If Defendant can prove that it is a servicer, Defendant cannot foreclose on Plaintiff's property without authorization from the Lender under the terms of the Deed of Trust.

124.    Plaintiff is informed and believes that Defendant cannot produce an original Note. Defendant does not own the loan and cannot identify the owner of the loan. Defendant was not assigned nor sold the note by America's Wholesale Lender original holder of the note, which would be the only authorized entity legally able to sale or assign the note.

## XV.  ELEVENTH CAUSE OF ACTION

### UNFAIR OR DECEPTIVE ACT

125.    Here, MERS, BANK OF AMERICA, and BSI FINANCIAL SERVICES have recorded false and misleading documents in the public record falsely indicating to borrower the entity which is entitled to foreclose on his. Further, these entities have submitted recordings to Sacramento County purporting to evidence interests in the land which they do not have and claiming to exercise powers which they do not lawfully possess. Recording false or misleading documents in the public record is an unfair or deceptive act or practice and violates public policy. The appointment of and continuance of proceedings to conduct an unlawful judicial sale of Plaintiff's property by BSI FINANCIAL SERVICES, on behalf of Bank of America constitutes unfair and or deceptive acts or practices. *Walker* at 16-17 ("Our Supreme Court has to make the trustee a mere agent of the beneficiary, then as principle [sic], the beneficiary may be liable for the acts of its agent").

## XIII.  SIXTH CLAIM FOR RELIEF

### NO CONTRACT

126.    Plaintiffs incorporate the allegations in all preceding paragraphs as if fully set forth herein.

127.    Plaintiff followed PMAC LENDING SERVICES, INC., instructions when he submitted a Uniform Residential Loan Application to PMAC LENDING SERVICES, INC., that contained only their basic identifying information, such as name, address, phone number, social security number, and bank account number. PMAC LENDING SERVICES, INC., employees filled-out the application.

128.    Plaintiff is informed and believes that PMAC LENDING SERVICES, INC., pre-sold Plaintiff's mortgage. Immediately after he signed the Note, PMAC LENDING SERVICES, INC., transferred all of its interest in the Note to an investment bank that bundled Plaintiff's Note with numerous other residential mortgages into residential mortgage-backed securities ("RMBS") which were structured into synthetic collateralized debt obligations ("CDO's") and sold to investor.

129.   Plaintiff is informed and believes that the investment bank intended to short the portfolio it helped to select by entering into credit default swaps to buy protection against the certain event that the promissory notes would default. PMAC LENDING SERVICES, INC., expected that Plaintiff would not have the ability to repay the loan. It was not a matter of being unconcerned with the possible outcome that Plaintiff would default; PMAC LENDING SERVICES, INC., expected that he would default.

130.     Securitization of mortgage loans was an integral part of PMAC LENDING SERVICES, INC., management of its capital. BSI FINANCIAL SERVICES, INC., acted only as a servicer of Plaintiffs loan.

131.     PMAC LENDING SERVICES, INC., failed to disclose to Plaintiffs that their economic interests were adverse to Plaintiffs and that PMAC LENDING SERVICES, INC., expected to profit when Plaintiffs found it impossible to perform and defaulted on their mortgage.

132.     A necessary element in the formation of an enforceable contract under the common law is a *meeting of the minds*. Two or more parties must share some expectation that a future event will occur. Plaintiffs expected that he would borrow money from PMAC LENDING SERVICES, INC.,, he would pay it back to PMAC LENDING SERVICES, INC.,, and then he would own the Property. PMAC LENDING SERVICES, INC., expected that Plaintiff would borrow money, he would not be able to pay it back, and then PMAC LENDING SERVICES, INC., the investors would own the Property. Since there was no shared expectation – no meeting of the minds – no contract was formed between Plaintiffs and PMAC LENDING SERVICES, INC.,. They believe this so much so that in order to minimize any possible damages they securitized the note in order to ensure payment was received.

133.     In addition to PMAC LENDING SERVICES, INC., expectation that Plaintiffs would lose title to the Property through foreclosure, PMAC LENDING SERVICES, INC., anticipated transferring the Note to investors immediately after Plaintiffs signed the Note. Plaintiffs are informed and believe that PMAC LENDING SERVICES, INC., purchased credit default insurance so that PMAC LENDING SERVICES, INC., would receive the balance on

the Note when Plaintiffs defaulted, in addition to any money PMAC LENDING SERVICES, INC., received when it securitized the Note.

134.    Not only did PMAC LENDING SERVICES, INC., dispense with conventional underwriting practices in 2006, it also paid premium fees and other incentives to mortgage brokers who signed up the riskiest borrowers. Fueled by spiraling profits to BSI FINANCIAL SERVICES, INC., nor SCHEER LAW GROUP, LLP., and other bankers, common law principles of contract formation, customary underwriting practices, and statutory procedures for transferring interest in real property, including the recordation of transfers of interests in real property, disintegrated and the system collapsed.

135.    PMAC LENDING SERVICES, INC., expected that Plaintiff would not perform as merely one victim in a scheme in which:

> (1) BSI FINANCIAL SERVICES, INC., fees as servicer would be greater as the number of loans increased;

> (2) BSI FINANCIAL SERVICES, INC., fees as servicer would be greater as the balances of loans increased;

> (3) All risk of loss in the event of Plaintiffs default would be borne by investors, not BSI FINANCIAL SERVICES, INC., as the servicer.

136.    Plaintiffs participation in the mortgage contract was procured by overt and covert misrepresentations and nondisclosures. The parties did not share a single expectation with respect to any of the terms of the mortgage contract and therefore the contract was *void ab initio*.

137.    No enforceable contract was formed between Plaintiff and BSI FINANCIAL SERVICES, INC., and/or SCHEER LAW GROUP , LLP so their Deed of Trust as Promissory

Note were not assets of BSI FINANCIAL SERVICES, INC., nor SCHEER LAW GROUP , LLP  could be acquired or assumed by BSI FINANCIAL SERVICES, INC., nor SCHEER LAW GROUP , LLP from the Federal Deposit Insurance Corporation (FDIC) or any other entity for that matter as receiver PMAC LENDING SERVICES, INC.,.

138.    BSI FINANCIAL SERVICES, INC.,  nor SCHEER LAW GROUP , LLP had no right to receive payment under Plaintiffs mortgage loan and has no right to foreclose on his Property. Plaintiffs do not seek rescission of the contract. He alleges that the contract was void *ab initio*.

BSI FINANCIAL SERVICES, INC.,nor SCHEER LAW GROUP , LLP, were sold the note by PMAC LENDING SERVICES, INC., the original holder of the note, which would be the only authorized entity legally able to sale or assign the note.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1.    For Equitable relief, including an Order for Defendant to rescind all Notices of Default against Plaintiff's account and to engage in reasonable efforts to restore Plaintiff's credit to its previous standing, by entering a statement which says, "Paid as Agreed";

2.    For a temporary and preliminary injunction enjoining Defendant from transferring the Subject Property of or from taking any action to take Plaintiff's property from him during the pendency of this action;

3.    That the Court enter a judgment declaring Defendants acts and practices complained of herein to be unlawful, unfair, and fraudulent;

4.    For injunctive relief against Defendant to prevent future wrongful conduct;

5.    That Plaintiff recover costs, and reasonable attorney fees, if incurred;

1      6.     That Defendant be required to specifically prove all allegations in this action;

2      7.     For general damages and special damages in an amount to be proven at trial, but

3 not less than $2,000 per Plaintiff, pursuant to 15 U.S.C. 1692(k) a 1;

4      8.     For actual damages, including general damages and special damages in an amount

5 to be proven at trial, but not less than $1,000 per cross-complainant, pursuant to 15 USC 1692(k)

6 a 2 a.

7      9.     For costs and reasonable attorney's fees pursuant to 15 USC 1692(k) a 3;

8      10.    For a judicial declaration pursuant to Code of Civ. Procedure 1060 that

9 Defendant's actions violated the FDCPA;

10      11.    For punitive damages;

11      12.    And for such other and further relief as the Court may deem just, equitable and

12 proper.

13 Date: November _10_ , 2014

14

15

16

17 **DEMAND FOR JURY TRIAL**

18      Plaintiffs hereby demands a trial by jury of each and every claim so triable.

19 Dated: November _10_, 2014

20 Kao Saelee – *Plaintiffs  Pro Se*

21

22 Tawn Saechao – *Plaintiffs  Pro Se*

23

24

25

1

## <u>VERIFICATION</u>

2

3       I am Plaintiffs in the above-entitled action.  I have read the foregoing complaint and

4   know the contents thereof.  The same is true of my own knowledge, except as to those matters

    which are therein stated on information and belief, and as to those matters, I believe it to be true.

5
        I declare under penalty of perjury under the laws in and of the State of California that the
6
    foregoing is true and correct to the best of my knowledge.
7
    Dated: November  10 , 2014
8

9                                              _____
                                               Kao Saelee – *Plaintiffs  Pro Se*
10
                                               _____
11                                             Tawn Saechao – *Plaintiffs  Pro Se*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

## **CERTIFICATE OF SERVICE**

2

3   I the undersigned, hereby certify that I am a citizen of the United States, over the age of 18 years and not a party to the within action.  On this date I served the following:

4

**COMPLAINT**

5

6   [ ] **BY MAIL** – I served a true and correct copy of the above named documents by mail by placing the same in a sealed envelope with postage fully prepaid, and depositing said envelope in the U.S. Mail at _____.  Said envelope(s) was/were addressed as listed

7

8   [ ] **VIA FACSIMILE** – I caused to be transmitted by facsimile machine a true copy of the above named document(s), to the below listed, and the transmission was reported as complete and without error.

9

10   [ ] **BY PERSONAL SERVICE** -  I caused to be served by hand a true copy of the above named documents as listed hereafter.

11

12   SERVICE AGENT FOR BSI FINANCIAL SERIIVICES AKA SERVIS ONE, INC.:

13

14   **BSI FINANCIAL SERVICES AKA SERVIS ONE INC.**
**C/O INCORP SERVICES, INC.**
5716 CORSA AVE., STE. #110

15   Westlake Village, CA  91362

16   **SCHEER LAW GROUP, LLP**
**ATTN: SPENCER PL SCHEER**

17   155 N. Redwood Dr., Ste. 100
San Rafael, CA  94903

18

19

20   Kao Saelee, *Plaintiff Pro Se*

21

22   Tawn Saechao, *Plaintiff Pro Se*

23

24

25